[Cite as *State v. Hampton*, 2021-Ohio-1873.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2020 CA 0063 |
| KENNETH HAMPTON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Case No.  2020 CR 0096

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    June 1, 2021

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

WILLIAM C. HAYES                         WILLIAM T. CRAMER
PROSECUTING ATTORNEY              470 Olde Worthington Road
PAULA M. SAWYERS                       Suite 200
ASSISTANT PROSECUTOR                Westerville, Ohio  43082
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, John, P. J.*

{¶1} Defendant-Appellant Kenneth Hampton appeals his conviction on six counts of Aggravated Trafficking in Drugs, six counts of Aggravated Possession of Drugs, one count Trafficking in Drugs, one count Possession of Drugs, one count Having Weapons While Under Disability, and one count of Improperly Handling Firearms in Motor Vehicle in the Court of Common Pleas of Licking County, Ohio. Plaintiff-Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**STATEMENT OF THE FACTS AND CASE**

{¶2} On February 20, 2020, Appellant was indicted for two counts of Possession of Drugs in violation of R.C. 2925.11, two counts of Trafficking of Drugs in violation of R.C. 2925.03, one count of Having Weapons While Under Disability in violation of R.C. 2923.13, and one count of Improper Handling Firearms in a Motor Vehicle in violation of R.C. 2923.16.

{¶3} On May 27, 2020, the Licking County Grand Jury returned an amended indictment charging Appellant with: Possession of Drugs (heroin) in amounts in excess of fifty grams in violation of R.C. 2925.11(A)/(C)(6)(e), a first-degree felony; Aggravated Trafficking in Drugs (heroin) in amounts in excess of fifty grams in violation of R.C. 2925.03(A)(2)/(C)(6)(f), a first-degree felony; Aggravated Possession of Drugs (methamphetamine) that are five times the bulk amount in violation of R.C. 2925.11(A)/(C)(1)(c), a second-degree felony; Aggravated Trafficking in Drugs (methamphetamines) that are five times the bulk amount in violation of R.C. 2925.03(A)(2)/(C)(1)(d), a second-degree felony; Having a Weapon While Under Disability in violation R.C. 2923.13(A)(3), a third-degree felony; Aggravated Trafficking in

Drugs (oxycodone) in violation of R.C. 2925.03(A)/(C)(1)(a), a fourth-degree felony; Aggravated Trafficking in Drugs (hydrocodone) in violation of R.C. 2925.03(A)/(C)(1)(a), a fourth-degree felony; Aggravated Trafficking in Drugs (amphetamines) in violation of R.C. 2925.03(A)/(C)(1)(a), a fourth-degree felony; Aggravated Trafficking in Drugs (eutylone, a substituted cathinone) in violation of RC. 2925.03(A)/(C)(1)(a), a fourth-degree felony; Improper Handling of a Firearm in a Motor Vehicle in violation of R.C. 2923.16(B), a fourth-degree felony; Aggravated Possession of Drugs (hydrocodone) in violation of R.C. 2925.11(A)/(C)(1)(a), a fifth-degree felony; Aggravated Possession of Drugs (eutylone, a substituted cathinone) in violation of R.C. 2925.11(A)/(C)(1)(a); Aggravated Possession of Drugs (amphetamines) in violation of R.C. 2925.11(A)/(C)(1)(a); Aggravated Possession of Drugs (oxycodone) in violation of R.C. 2925.11(A)/(C)(1)(a); Drug Possession (buprenorphine) in violation of R.C. 2925.11(A)/(C)(2)(a); and Trafficking in Drugs (buprenorphine) in violation of R.C. 2925.03(A)(2)/(C)(2)(a). The indictment also included a forfeiture specification for the firearm under R.C. 2981.02(A)(1)(c) and R.C. 2941.1417(A).

{¶4}   On September 15, 2020, the case proceeded to a jury trial.

{¶5}   At trial, the State called Officer DeJesus to testify. Officer DeJesus testified that on February 7, 2020, he initiated a traffic stop as the license plate was improperly displayed. DeJesus was notified that the vehicle's registration had expired. As Officer DeJesus approached the vehicle he noticed the strong odor of marijuana coming from the car.

{¶6} Officer DeJesus identified David Dirkhising as the driver of the vehicle, Austin Mahoney in the front passenger seat, and Appellant as the passenger in the back seat.

{¶7} Officer DeJesus testified that after removing the passengers from the vehicle, he began to search the car to locate from where the marijuana was coming. In the backseat of the vehicle, Officer DeJesus located a backpack. The backpack contained a loaded black handgun, a black headphone case for Beats headphones, a charger for the headphones, a silver digital scale, a jar of marijuana, pills, plastic baggies, and containers of powder. Officer DeJesus also located a plastic baggy on Appellant, which Appellant told Officer DeJesus contained "Molly". There was no drug paraphernalia or digital scales found in the rest of the car. Nothing illegal was found in the trunk.

{¶8} Austin Mahoney testified that he was an acquaintance of Appellant. Mahoney further testified that he and Dirkhising gave Appellant a ride to a girlfriend's house. Appellant was smoking marijuana and carrying the backpack which contained the drugs and guns when they picked up Appellant.

{¶9} David Dirkhising testified he did not know Appellant. Mahoney received a text message from Appellant asking for a ride to his girlfriend's house. Dirkhising told Mahoney he would give Appellant a ride if he chipped in for gas. Dirkhising testified that Appellant was carrying the backpack which contained the gun, drugs, and paraphernalia. When Appellant entered the vehicle, Appellant sat in the back seat on the driver's side.

{¶10} Mark Hiatt of the Central Ohio Regional Crime Lab identified the powder recovered from the backpack as: methamphetamine, oxycodone, diazepam, and heroin.

**{¶11}** Scott Miller, a Forensic Scientist with the Ohio Bureau of Criminal Investigation testified the pills recovered from the backpack were oxycodone, amphetamine, buprenorphine, and hydrocodone. Miller also identified the powder recovered from Appellant's pocket as eutylone and testified it is sometimes referred to as "Molly."

**{¶12}** On September 17, 2020, the jury returned a verdict of guilty on all sixteen charges.

**{¶13}** The trial court merged all of the matched trafficking and possession charges along with the two firearm charges. The trial court imposed a prison term of ten to fifteen years for Aggravated Trafficking in Drugs (heroin) in violation of R.C. 2925.03(A)(2)/(C)(6)(f), five years for Aggravated Trafficking in Drugs (methamphetamine) in violation of R.C. 2925.03(A)(2)/(C)(1)(d), two years for Having a Weapon While Under Disability in violation of R.C. 2923.13(A)(3), one year for Aggravated Trafficking in Drugs (oxycodone) in violation of R.C. 2925.11(A)/(C)(1)(a), one year for Aggravated Trafficking in Drugs (hydrocodone) in violation of R.C. 2925.03(A)/(C)(1)(a), one year for Aggravated Trafficking in Drugs (amphetamine) in violation of R.C. 2925.11(A)/(C)(1)(a), one year for Aggravated Trafficking in Drugs (substituted cathinones) in violation of R.C. 2925.11(A)/(C)(1)(a), and one year for Trafficking in Drugs (buprenorphine) in violation of R.C. 2925.03(A)(2)/(C)(2)(a), to be served concurrently. The court also imposed a mandatory five years of post-release control. Appellant received 221 days of jail credit.

**ASSIGNMENT OF ERROR**

{¶14} On October 8, 2020, Appellant filed a notice of appeal and herein raises the following sole Assignment of Error:

{¶15} "I. OTHER THAN COUNTS NINE AND TWELVE, NONE OF THE COUNTS WERE SUPPORTED BY THE WEIGHT OF THE EVIDENCE ON THE ISSUE OF POSSESSION."

**I.**

{¶16} In Appellant's sole Assignment of Error, Appellant argues the jury's verdict was against the manifest weight of the evidence. We disagree.

{¶17} When reviewing a weight of the evidence argument, the appellate court reviews the entire record weighing the evidence and all reasonable inferences, considers credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380.

{¶18} The jury convicted Appellant on Possession of Drugs (heroin) in amounts in excess of fifty grams in violation of R.C. 2925.11(A)/(C)(6)(e), a first-degree felony; Aggravated Trafficking in Drugs (heroin) in amounts in excess of fifty grams in violation of R.C. 2925.03(A)(2)/(C)(6)(f), a first-degree felony; Aggravated Possession of Drugs (methamphetamine) that are five times the bulk amount in violation of R.C. 2925.11(A)/(C)(1)(c), a second-degree felony; Aggravated Trafficking in Drugs (methamphetamines) that are five times the bulk amount in violation of R.C. 2925.03(A)(2)/(C)(1)(d), a second-degree felony; Having a Weapon While Under Disability in violation R.C. 2923.13(A)(3), a third-degree felony; Aggravated Trafficking in

Drugs (oxycodone) in violation of R.C. 2925.03(A)/(C)(1)(a), a fourth-degree felony; Aggravated Trafficking in Drugs (hydrocodone) in violation of R.C. 2925.03(A)/(C)(1)(a), a fourth-degree felony; Aggravated Trafficking in Drugs (amphetamines) in violation of R.C. 2925.03(A)/(C)(1)(a), a fourth-degree felony; Aggravated Trafficking in Drugs (eutylone, a substituted cathinone) in violation of RC. 2925.03(A)/(C)(1)(a), a fourth-degree felony; Improper Handling of a Firearm in a Motor Vehicle in violation of R.C. 2923.16(B), a fourth-degree felony; Aggravated Possession of Drugs (hydrocodone) in violation of R.C. 2925.11(A)/(C)(1)(a), a fifth-degree felony; Aggravated Possession of Drugs (eutylone, a substituted cathinone) in violation of R.C. 2925.11(A)/(C)(1)(a); Aggravated Possession of Drugs (amphetamines) in violation of R.C. 2925.11(A)/(C)(1)(a); Aggravated Possession of Drugs (oxycodone) in violation of R.C. 2925.11(A)/(C)(1)(a); Drug Possession (buprenorphine) in violation of R.C. 2925.11(A)/(C)(2)(a); and Trafficking in Drugs (buprenorphine) in violation of R.C. 2925.03(A)(2)/(C)(2)(a).

{¶19}  R.C. 2923.13 in pertinent part states:

(A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

…

(3) The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an

adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.

**{¶20}** R.C. 2923.16(B) states:

(A) No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle.

**{¶21}** R.C. 2925.03 in pertinent part states:

(A)     No person shall do any of the following:

…

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person

…

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1) If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or schedule II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound, hashish, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated trafficking in drugs. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division (C)(1)(b), (c), (d), (e), or (f) of this section, aggravated trafficking in drugs is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

…

(d) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated trafficking in drugs is a felony of the second degree, and the court shall impose as a mandatory prison term a second degree felony mandatory prison term. If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, aggravated trafficking in drugs is a felony of the first degree, and the court shall impose as a mandatory prison term a first degree felony mandatory prison term.

…

(2) If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule III, IV, or V, whoever violates division (A) of this section is guilty of trafficking in drugs. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division (C)(2)(b), (c), (d), or (e) of this section, trafficking in drugs is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

(6) If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of trafficking in heroin. The penalty for the offense shall be determined as follows:

(f) If the amount of the drug involved equals or exceeds five hundred unit doses but is less than one thousand unit doses or equals or exceeds fifty grams but is less than one hundred grams and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in heroin is a felony of the first degree, and the court shall impose as a mandatory prison term a first degree felony mandatory prison term.

{¶22} R.C. 2925.11 in pertinent part states:

(A)   No person shall knowingly obtain, possess, or use a controlled substance analog.

…

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1) If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound, hashish, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division (C)(1)(b), (c), (d), or (e) of this section, aggravated possession of drugs is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

…

(c) If the amount of drug involved equals or exceeds five times bulk amount but is less than fifty times the bulk amount, aggravated possession of drugs is a felony of the second degree, and the court shall impose as a mandatory prison term a second degree felony mandatory prison term.

(d) If the amount of drug involved equals or exceeds fifty times the bulk amount but is less than one hundred times bulk amount, aggravated possession of drugs is a felony of the first degree, and the court shall impose as a mandatory prison term a first degree felony mandatory prison term.

…

(2) If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule III, IV, or V, whoever violates division (A) of this section is guilty of possession of drugs. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division(C)(2)(b), (c), or (d) of this section, possession of drugs is a misdemeanor of the first degree or, if the offender previously has been convicted of a drug abuse offense, a felony of the fifth degree.

{¶23} In the case *sub judice*, Appellee's witnesses testified that Appellant, who was not allowed to carry a firearm, brought a loaded firearm into the vehicle for transport. Appellant had the following controlled substances on his person or in the backpack he brought into the vehicle: methamphetamines, heroin, oxycodone, amphetamines, buprenorphine, hydrocodone, and eutylone, a substitute cathinone.

{¶24} Appellant specifically challenges the weight of the evidence with regard to Appellant's ownership of the backpack. At trial Officer DeJesus testified he found the backpack in the back seat where Appellant was sitting and that the case for the headphones Appellant was using was found in the backpack. Mahoney and Dirkhising also testified that Appellant brought the backpack into the car with him, and that they were unaware of the contents of the backpack.

{¶25} Our review of the entire record fails to persuade us that the jury lost its way and created a manifest miscarriage of justice. Appellant was not convicted against the manifest weight of the evidence.

**{¶26}**  Appellant's sole Assignment of Error is overruled.

**{¶27}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/br 0526